95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis GARCIA, Defendant-Appellant.
 No. 96-15315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Jose Luis Garcia appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and 300-month sentence for conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848, conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, possessing cocaine for distribution and distributing cocaine in violation of 21 U.S.C. § 841(a)(1), using a communication facility to further a drug offense in violation of 21 U.S.C. § 843(b), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1). Garcia contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because civil forfeiture proceedings were instituted against his personal property prior to the commencement of his criminal trial. Garcia's claim is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).
 
 Accordingly, Garcia's conviction is
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of Garcia's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal